Mario Pittoni, J.
Plaintiffs’ motion for summary judgment is denied.
The plaintiffs claim that they had had a flat on the New York Thruway on the afternoon of November 21, 1958 when the *830 defendants’ ear, riding in the right or outside lane, hit the plaintiffs’ car door. The plaintiffs say they were at least six feet off the concrete and on the dirt shoulder.
The defendants admit that they were in the right lane, but say that there was a third car riding on their left, and this third car and gusts of wind caused the defendants ’ car to swerve to the right in the direction of the plaintiffs ’ ear.
On these facts it cannot be said as a matter of law that the defendants were negligent (Nixon v. New York Cent. R. R. Co., 10 A D 2d 870 [2d Dept.]). Furthermore, it cannot be said that the plaintiff driver was free from contributory negligence. He admits that he saw the defendants’ car coming; yet he opened his own car door just as he saw the defendants’ car come close to him, going at the rate of 60 miles per hour. The jury is warranted in finding that the plaintiff driver violated section 1214 of the Vehicle and Traffic Law (L. 1957, ch. 698, eff. July 1, 1958) which says: “ No person shall open the door of a motor vehicle on the side available to moving traffic unless and until it is reasonably safe to do so ”. Even without the statute the jury could find the plaintiff driver careless under the circumstances.
It follows that issues of fact preclude the granting of summary judgment.